## West *versus* Gregg's Administrator.

1. An infant has no power to bind himself to pay money borrowed by him to make repairs on his estate.
2. An infant can bind himself or his estate only for necessaries.

ERROR to the Court of Common Pleas of *Fayette county.*
This action was Debt, on single bill of defendant's intestate,

given to plaintiff, for $200, on which plaintiff declared, and added counts for so much money lent, paid out and expended, &c.

Pleas, *non est factum*, payment, and infancy.

The bill was read in evidence, and it was admitted that defendant's intestate, Nimrod Gregg, died a minor in 1844.

The plaintiff then offered to show, that Nimrod Gregg was the devisee of a tract of land from his father, which was encumbered with debts; and that to keep the property in repair, overrun the income from the land; that the $200 was furnished and paid for the defendant's intestate, for the purpose of paying off these encumbrances; that $100 of the money was paid over to Joshua Wood, executor of defendant's father, and the other $100 was paid to Henry Nimrod, the guardian of defendant's intestate, for repairs, and necessaries for intestate; and that the executor and guardian have both settled their accounts, in which these items are charged, and the accounts have been confirmed.    Defendant objected.

The Court, GILMORE, P., rejected the evidence, except as far as the money was borrowed to pay for necessaries.  "The defendant's intestate having died before he was of age there could be no confirmation by his representative.   The minor could not be held personally responsible for money borrowed to make repairs or pay off encumbrances."

To which ruling the plaintiff excepted, and assigned the same for error.

*Howell* and *Veech*, for plaintiff in error, contended that the money sued for, having been paid or loaned by plaintiff for the relief and benefit of the estate of the defendant's intestate, and so actually and effectually applied, as was offered to be proved, his estate is bound for its re-payment, although he was a minor when the money was advanced, and died a minor; and referred to *Leech* v. *Agnew*, 7 Barr, 22; *Marlow* v. *Pitfield*, 1 P. Wms. 559; *Harris* v. *Lee*, Ib. 483; *Maddon* v. *White*, 2 T. R. 159; *Zouch* v. *Parsons*, 3 Burrows, 1794; *Drury* v. *Drury*, 1 Bro. P. C. 570; *Earl of Chesterfield* v. *Lady Cromwell*, 1. Eq. Ca. Abr. 287; 2 Kent's Com. 240; 15 Mass. 359; 7 Cow. 181: *M'Ginn* v. *Shafer*, 7 Watts, 412; 8 Co. Rep. 42; 2 Kent, Com. 236, 237; 2 Johns. 279; *Curtin* v. *Patton*, 11 S. & R. 308.

————, for defendant in error.

The opinion of the court was delivered October 17, 1854, by LOWRIE, J.—This is an action against a minor for money lent to him, and to meet the defence of infancy, it was offered to prove that the money was lent to him for the purpose of making repairs and removing encumbrances upon land devised to him by his father, and that it was so used.

[Arthurs' Appeal.]

The court below rejected the evidence on the ground that the infant had no power to make such a contract, and we think they were right.   The general rule is that an infant can bind himself or his estate only for necessaries, and the plaintiff can escape from this rule only by showing a case which ought to be treated as an exception to it; which he has not done.   Necessity has certainly demanded many exceptions to this rule, but here it demands none; for this minor had a guardian acting for him, and the law has provided the very mode in which the end might have been reached.   Orphans' Court Act, 1832, sec. 31.

If we were to apply in a general way, the rule that, in some special cases, requires an infant to refund the consideration if he avoids the contract, we shall convert the exception into the rule, and place the rule among its exceptions.   Here he would have to pay the debt in order to get leave to plead infancy.

The rule that sometimes binds an infant when the contract is beneficial to him, is of the same character.   It is a means of testing the validity of certain necessary exceptions.   It is not itself a general rule, but a means of limiting certain exceptional rules, and preventing them from injuring the minor.   It is never applied to cases of money lent.

Judgment affirmed.